UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DRUG TRANSPORT, INC., | ) | Case No.: 14-65621 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| DTI LOGISTICS, INC., | ) | Case No.: 14-65623 |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| DB&D INVESTMENTS, LLC, | ) | Case No.: 14-65625 |
| Debtor. | ) | |

**MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION
OF RELATED CASES UNDER RULE 1015 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE**

COME NOW the Debtors in the above-captioned Chapter 11 cases (the "Debtors"), and hereby file their Motion for Order Authorizing Joint Administration of Related Cases under Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Joint Administration Motion"). In support of the Joint Administration Motion, Debtors show the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

440707_2

**Introduction and Background**

2. Debtors each filed voluntary petitions for relief on August 11, 2014 (the "Petition Date"). Debtors continue to manage their assets and operate their businesses as debtors-in-possession, no trustee having been appointed. No Official Creditors Committee has yet been appointed in this case.

3. The company now called Drug Transport Inc. ("DTI") was formed in 1981. In 1982 DTI purchased the Drug Transport business, which had, since 1959, delivered critical shipments to hospitals, nursing homes, and clinics in the South. After the purchase DTI expanded and grew the business. DTI branched out beyond service to the healthcare industry and now provides transportation and logistics services to a wide and diverse range of industries throughout the United States. As part of DTI's growth, DTI formed DTI Logistics, its truckload services subsidiary, in 1984. At its peak, DTI and DTI Logistics had over $50 million in aggregate sales.

4. DTI is 82.5% owned by R.S. Lockwood, Sr. and 17.5% owned by his daughter, Patricia Tafel.

5. DTI offers dedicated brokerage and truckload transportation service. The dedicated division provides a fleet and drivers to specific customers. The brokerage division brokers freight transport through a nationwide network of carriers. DTI Logistics handles only full truckloads. DTI was also operating in the "less than truckload" segment of the industry until recently when it sold this operation to Central Freight Lines, Inc. based in Waco, TX. DB&D owns the real estate – i.e. the terminals where DTI and DTI Logistics base their operations, located in Tucker, Georgia (two facilities on separate parcels) (the "Tucker Terminal"), and in Douglas, Georgia. DB&D also owns a vacant terminal in Birmingham, Alabama. In addition to

those owned by DB&D, DTI leases terminal facilities in Augusta, Georgia and Greenville, Alabama.

6. The brokerage division is affiliated with brokers who make arrangements with shippers to have cargo loads transported by licensed motor carriers. DTI acts as intermediary for collection of freight charges from shippers and transmission of payments to the motor carriers. DTI maintains separate accounts for brokerage activities. Of the Debtors' total receivables as of the Petition Date of approximately $2,759,170, $1,461,133.57 were attributable to DTI's brokerage division as of August 7, 2014. Of the Debtor's total unsecured claims as of the Petition Date of $4.8 million, including approximately $524,000 owed to Patricia Tafel, the payables due carriers total $2,778,305.42 as of August 7, 2014.

7. DB&D, LLC's sole member is R.S. Lockwood, Sr. DTI Logistics is 100% owned by DTI.

8. RSL Leasing, LLC ("RSL"), a non-debtor company affiliated with the Debtors, leases tractors and trailers to DTI and DTI Logistics, as set forth in more detail below. RSL is 50% owned by R.S. Lockwood, Sr. and 50% owned by his son, R.S. Lockwood, Jr.

9. DTI Logistics leases twelve tractors from Advantage Truck Leasing ("Advantage"), nineteen trucks from Ryder Truck Rental, Inc. d/b/a Ryder Transportation Services ("Ryder"), three trucks on a short term basis from Ryder, and four tractors from RSL. In addition, DTI Logistics has agreements with two owner operators.

10. DTI leases seventeen trucks from Ryder in connection with DTI's Richmond operations. Also, DTI leases from RSL: three sixteen-foot trucks, twenty-nine straight (box) trucks, twenty-two tractors, and two hundred twelve (212) fifty-three foot trailers.

11. The Debtors' lease with RSL provides for monthly payments of $135,000. For some time, Debtors have made monthly payments in amounts substantially less than $135,000, the majority of which were essentially passed through to RSL's secured creditors, Peoples Bank and United Community Bank ("UCB").[1] RSL is current with UCB and with Peoples Bank. Debtors' proposed cash collateral order provides authority for Debtors to continue to make payments to RSL in such amounts as are necessary to keep RSL's obligations to UCB and Peoples Bank current, and specifically prohibits any other payments to RSL.

12. Debtors' primary secured creditor, Branch Banking and Trust Company ("BB&T") has filed a complaint against the Debtors on August 1, 2014 in the United States District Court for the Northern District of Georgia, seeking the appointment of a receiver and recovery of the principal amount of $7,053,443.31, plus pre-judgment interest, post-judgment interest, attorneys' fees and other damages.

13. On August 5, 2014, Debtors and BB&T presented a consent order (the "Receivership Order") to United States District Judge Clarence Cooper. The Receivership Order provided that the Debtors would be enjoined from making any payments without BB&T's consent except for certain scheduled payments and payments authorized under a budget attached to the Receivership Order. The Receivership Order further provided that no receiver would be appointed prior to August 12, 2014, on which date an order appointing a receiver could be entered without further notice or hearing. The Receivership Order was entered on August 8, 2014.

14. Prior to the filing of the petitions, on August 8, 2014, Debtors sold the LTL division of DTI's business to Central Freight Lines, Inc., a Texas corporation ("Central"). The

---

[1] At such time as Debtors file their schedules as required by Rule 1007 Debtors will identify all payments made to RSL within the year prior to the Petition Date and the amounts indirectly received by insiders from RSL.

-4-

440707_2

assets sold consisted of the customer list of the Debtors' LTL division. The purchase consideration consisted of (i) a 2% Revenue Earn-Out for 36 months (payable quarterly on revenue booked and received by Central, less fuel surcharge); (ii) an Employee Earn-Out of $500 per employee for each year that a former employee of Debtors continues to be employed by Central; and (iii) four year term leases for DB&D's terminals in Tucker and Douglas, Georgia with an aggregate rental amount of $14,000 per month.  At closing, Central made a $350,000 non-refundable advance payment against the earn-outs, which payment, pursuant to the Receivership Order, was remitted to BB&T, and Central executed leases for the Tucker and Douglas terminals. Absent immediate sale the Debtors would have had no choice but to immediately terminate all LTL employees and would have received no benefit from the goodwill of the business.

15.     Due to the Debtors' financial condition, carriers are no longer able to factor DTI's receivables.  This has essentially shut down DTI's brokerage division, leaving DTI's brokerage division with approximately 64 loads in transit with outside carriers as of August 8, 2014. Debtors will reorganize around DTI's dedicated division and DTI Logistics' truckload division, which have historically been profitable.

16.     Prior to the Petition Date, Debtor retained Triton Capital Partners, Ltd. as a financial advisor[2].

17.     On August 4, 2014, Debtors executed an engagement agreement for Triton to provide the services of Triton's Managing Director, Bayard B. Hollingsworth, as Chief Restructuring Officer for the Debtors with financial control of the Debtors' cash, and with authority to collect all receivables of the Debtors and to pay such sums to employees, suppliers

---

[2] Prior to May 18, 2014, Triton served as a consultant rather than a financial advisor.

440707_2

and creditors as he deems necessary to maintain the Debtors' business operations and assets. Mr. Hollingsworth will act as the responsible person for the debtors-in-possession in these cases.

18. Based upon the interrelated ownership of each of the Debtors as set forth above, Debtors are affiliates as that term is defined in 11 U.S.C. §101(2).

### Relief Requested

19. Debtors seek an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure authorizing the joint administration of the Chapter 11 cases of Drug Transport, Inc. with the related cases of DTI Logistics, Inc., and DB&D Investments, LLC. Debtors propose that all cases be administered under the case number of the Drug Transport, Inc. case. Joint administration of the three cases is for procedural purposes only. Nothing in this Joint Administration Motion is intended or should be construed as seeking substantive consolidation of the cases.

### Basis for Relief Requested

20. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure allows the Court to order the joint administration of a debtor and one or more affiliates and provides, in pertinent part, as follows:

> (b) **Cases Involving Two or More Related Debtors**. If a joint petition or two or more petitions are pending in the same court by or against… (4) a debtor and an affiliate, the court may order a joint administration of the estates.

FED. R. BANKR. P. 1015(b) (2010).

21. Joint administration is a method commonly used to facilitate efficient administration of bankruptcy cases and reduce their overall costs. As explained in the Official Committee Note to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure:

440707_2

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

FED. R. BANKR. P. 1015(b) advisory committee's note (1983).

22.  Joint administration would significantly reduce the cost of administering Debtors' cases by eliminating unnecessary paperwork, duplicate filings, and noticing costs. Also, by jointly administering the cases, one docket will be maintained thus eliminating confusion which may exist if several dockets are maintained for related cases. Additionally, the Court and the Bankruptcy Court Clerk will be relieved of the burden of entering duplicative orders and motions and maintaining duplicative files.

23.  Joint administration is only procedural and does not impact or impair any creditors' substantive rights. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). The relief requested herein will not create a conflict of interest between the creditors of different estates. Each creditor or party-in-interest will maintain whatever rights it may have against a particular estate against which it is asserting a claim.

24.  Joint administration will promote and assist with the orderly and efficient administration of these bankruptcy cases and substantially reduce administrative costs without impairing or prejudicing the substantive rights of creditors.

25.  Notice of the Joint Administration Motion has been served on the Office of the United States Trustee for the Northern District of Georgia. Debtors submit that given the procedural nature of the relief sought herein such notice is sufficient and no further notice is required.

440707_2

26.     No previous motion requesting the relief sought herein has been filed.

WHEREFORE, Debtors respectfully request that the Court (a) grant the Joint Administration Motion in their bankruptcy cases by ordering that each case be administered under the Drug Transport, Inc. case number; (b) enter an order in substantially the same form attached hereto as "Exhibit A" providing for joint administration of the three cases; and (c) grant such further relief as the Court deems just and proper.

Respectfully submitted this 11th day of August, 2014.

                                      LAMBERTH, CIFELLI, STOKES, ELLIS
                                         & NASON, P.A.
                                      Proposed Attorneys for Debtors

                                       /s/ Gregory D. Ellis
                                      James C. Cifelli
                                      Georgia Bar No. 125750
                                      jcifelli@lcsenlaw.com
                                      Gregory D. Ellis
                                      Georgia Bar No. 245310
                                      gellis@lcsenlaw.com
                                      William D. Matthews
                                      Georgia Bar No. 470865
                                      bmatthews@lcsenlaw.com

3343 Peachtree Road, N.E.
Ste. 550
Atlanta, GA  30326
(404) 262-7373
(404) 262-9911 (facsimile)

-8-

440707_2

**EXHIBIT "A" FOLLOWS**

440707_2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DRUG TRANSPORT, INC., | ) | Case No.: 14-65621 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DTI LOGISTICS, INC., | ) | Case No.: 14-65623 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DB&D INVESTMENTS, LLC, | ) | Case No.: 14-65625 |
| | ) | |
| Debtor. | ) | |

**ORDER AUTHORIZING JOINT ADMINISTRATION**

The above-referenced Chapter 11 bankruptcy cases are before the Court on the Motion for Order Authorizing Joint Administration of Related Cases Under Rule 1015 of the Federal Rules of Bankruptcy Procedure ("Joint Administration Motion") filed by Debtors. In the Joint

Administration Motion, Debtors requested authorization under Rule 1015 of the Federal Rules of Bankruptcy Procedure to jointly administer the above-referenced bankruptcy cases. After reviewing the Joint Administration Motion, the Court has concluded that the Joint Administration Motion and the relief requested therein are appropriate. Accordingly, the Joint Administration Motion is hereby GRANTED.

IT IS FURTHER ORDERED that these Chapter 11 cases shall be jointly administered under the case name **In re Drug Transport, Inc., Case No. 14-65621** in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure; and

IT IS FURTHER ORDERED that the joint caption shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DRUG TRANSPORT, INC., et al., | ) | Jointly Administered Under |
| | ) | Case No. 14-65621 |
| Debtors. | ) | |
| | ) | |

IT IS FURTHER ORDERED that all original docket entries shall be made in the case of Drug Transport, Inc., Case No. 14-65621, and a docket entry shall be made in the jointly administered cases substantially as follows:

> In accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, an order has been entered in this case authorizing the joint administration of this case with the Chapter 11 case of Drug Transport, Inc., Case No. 14-65621.

IT IS FURTHER ORDERED that a separate claims register shall be maintained in each case; and

IT IS FURTHER ORDERED that counsel for Debtors shall serve a copy of this Order on the United States Trustee and all parties listed on the matrices filed in Debtors' cases.

## END OF DOCUMENT

**Prepared and Presented by:**

LAMBERTH, CIFELLI, STOKES,
  ELLIS & NASON, P.A.

  /s/ Gregory D. Ellis
James C. Cifelli
Georgia Bar No. 125750
jcifelli@lcsenlaw.com
Gregory D. Ellis
Georgia Bar No. 245310
gellis@lcsenlaw.com
William D. Matthews
Georgia Bar No. 470865
wmatthews@lcsenlaw.com
3343 Peachtree Road, N.E., Ste. 550
Atlanta, Georgia  30326
T: (404) 262-7373 | F: (404) 262-9911

**Identification of parties to be served:**

Office of the United States Trustee, 362 Richard Russell Building, 75 Spring Street, S.W., Atlanta, GA  30303

James C. Cifelli, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road NE, Suite 550, Atlanta, GA 30326

Gregory D. Ellis, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road NE, Suite 550, Atlanta, GA 30326

William D. Matthews, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road NE, Suite 550, Atlanta, GA 30326

James S. Rankin, Jr, Parker, Hudson, Rainer & Dobbs, LLP, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, Atlanta, GA  30303.

Joshua J. Lewis, Parker, Hudson, Rainer & Dobbs, LLP, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, Atlanta, GA  30303

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing document upon all those parties listed below via electronic transmission addressed to:

    Office of U.S. Trustee
    365 Richard Russell Bldg.
    75 Spring Street, S.W.
    Atlanta, GA  30303
    guy.gebhardt@usdoj.gov
    ustp.regon21@usdoj.gov

This 11th day of August, 2014.

                                      */s/ Gregory D. Ellis*_____
                                      Gregory D. Ellis
                                      Georgia Bar No. 245310

440707